**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4541**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ARNOLD GUNNINGS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:04-cr-00014)

Submitted:  February 14, 2007       Decided:  March 29, 2007

Before WILLIAMS, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence W. Hewitt, JAMES MCELROY & DIEHL, PA, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Arnold Gunnings, Jr. appeals his conviction and sentence to 46 months in prison and three years of supervised release following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). Gunnings contends the district court erred in denying his motion to withdraw his guilty plea, because it was unknowing, involuntary, and based on the lack of close assistance of competent counsel. Finding no error, we affirm.

A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). We have identified six factors for determining whether to allow a defendant to withdraw his guilty plea: (1) whether he has offered credible evidence that his plea was not knowing or voluntary; (2) whether he has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the Government; and (6) whether it will inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

A properly conducted guilty plea colloquy under Fed. R. Crim. P. 11 raises a strong presumption that the plea is final and binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). A guilty plea is not rendered involuntary merely because it was entered to avoid harsh alternatives such as prosecution on additional charges. See Bordenkircher v. Hayes, 434 U.S. 357, 363-65 (1978). A defendant seeking to establish that he is entitled to withdraw his plea because he did not receive close assistance of counsel must show that counsel performed deficiently and that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on proceeding to trial. United States v. Bowman, 348 F.3d 408, 416 (4th Cir. 2003).

Gunnings argues the district court erred in finding his plea was knowingly and voluntarily entered, because he presented evidence that his former attorney failed to sufficiently explain the consequences of pleading guilty or provide him with a formal written plea agreement prior to the Rule 11 hearing. He further contends the court erred in finding he received the close assistance of competent counsel, because he involuntarily entered a guilty plea to a crime he asserts he did not commit based on the threat that he would be prosecuted on an unrelated charge.

Based on our review of the record, we conclude the district court did not abuse its discretion in denying Gunnings's motion to withdraw his guilty plea. Because there was no challenge

to the sufficiency of the district court's Rule 11 hearing, the court properly recognized there was a strong presumption that the plea was final and binding.  Moreover, the evidence supported the district court's findings that Gunnings's plea was not unknowing or involuntary but rather a calculated decision that it was in his best interest to plead guilty, and he received the close assistance of competent counsel in entering the plea.

Accordingly, we affirm Gunnings's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED